STATE OF RHODE ISLAND
PROVIDENCE, SC.

SUPERIOR COURT

GREGORY MAHONEY, TINA MAHONEY, JOHN MAHONEY AND JASON MAHONEY :

VS. : C.A. No.: 06-3061

SOUTHWORTH-MILTON, INC. and CATERPILLAR INC. :

## COMPLAINT

1. Plaintiff Gregory Mahoney is, and at all times relevant was, a resident of the Town of Scituate, State of Rhode Island.

2. Plaintiff Tina Mahoney is, and at all times relevant was, a resident of the Town of Scituate, State of Rhode Island.

3. Plaintiff John Mahoney is, and at all times relevant was, a resident of the Town of Scituate, State of Rhode Island.

4. Plaintiff Jason Mahoney is, and at all times relevant was, a resident of the Town of Scituate, State of Rhode Island.

5. Defendant Southworth-Milton, Inc. is a New Hampshire corporation authorized to do business in the State of Rhode Island.

6. Defendant Caterpillar Inc. is a Delaware corporation authorized to do business in the State of Rhode Island.

## COUNT I

7. Plaintiffs hereby reallege and incorporate by reference paragraphs one (1) through six (6) above as if set forth herein.

8. At all times relevant hereto, Plaintiffs were in the exercise of due care.

9. At all times relevant hereto, Defendant Southworth-Milton, Inc. exercised custody, care and control over the Caterpillar Model 345B II Excavator ("Excavator") rented by the Plaintiffs.

10. The Defendant Southworth-Milton, Inc. owed a duty to Plaintiffs to properly inspect and maintain the aforementioned Excavator in a reasonably safe condition and free from defects or other conditions rendering it unsafe.

11. The Defendant Southworth-Milton, Inc. owed a duty to exercise care, by inspection or other affirmative acts, to protect the Plaintiffs and others similarly situated, from any and all reasonably foreseeable injuries occurring as a result of dangerous conditions or defects existing with the Excavator.

12. The Defendant Southworth-Milton, Inc. owed a duty to the Plaintiffs and others similarly situated, to rent equipment like the aforementioned Excavator, that is free of dangerous conditions or defects.

13. Plaintiff John Mahoney avers that on or about June 13, 2003 he was lawfully operating the aforementioned Excavator when it exploded on Plaintiffs' property while they were in the process of construction.

14. Plaintiff John Mahoney avers that while he was lawfully operating the aforementioned Excavator, the Defendant, Southworth-Milton, Inc., unmindful of its duty, negligently permitted the Excavator to remain unmaintained, hazardous and dangerous to the detriment of the Plaintiff.

15. Plaintiff John Mahoney avers that the aforesaid explosion of the rental Excavator was a hazardous condition, of which the Defendant knew, or in the exercise of due care, should have known.

16. As a direct and proximate result of the negligence of Defendant Southworth-Milton, Inc., Plaintiff John Mahoney was suddenly and without warning, subjected to injuries due to the hazardous condition of the Excavator.

17. As a further direct and proximate result of the negligence of Defendant Southworth-Milton, Inc., the Plaintiffs sustained damages including, but not limited to, severe and grievous personal injury warranting the expenditure of medical expenses, a loss of earning capacity and/or lost wages, pain and suffering.

18. The amount in controversy is sufficient to establish the jurisdiction of this Superior Court.

WHEREFORE, Plaintiff John Mahoney demands judgment against Defendant Southworth-Milton, Inc. in an amount sufficient to invoke the jurisdiction of this Honorable Court, plus interest, costs and attorney's fees together with such other relief as this Court deems appropriate.

**COUNT II**

19. Plaintiffs hereby reallege and incorporates by reference paragraphs one (1) through eighteen (18) above as if set forth herein.

20. At all times relevant hereto, Defendant Caterpillar Inc. designed, manufactured and marketed the aforementioned Excavator.

21. The Defendant Caterpillar Inc. owed a duty to Plaintiffs to properly inspect and maintain the aforementioned Excavator in a reasonably safe condition and free from defects or other conditions rendering it unsafe.

22. The Defendant Caterpillar Inc. owed a duty to exercise care, by inspection or other affirmative acts, to protect the Plaintiffs and others similarly situated, from any and all reasonably foreseeable injuries occurring as a result of dangerous defects or other conditions of the aforementioned Excavator.

23. Plaintiff John Mahoney avers that on or about June 13, 2003 he was lawfully operating the aforementioned Excavator when it exploded on the Plaintiffs' property while they were in the process of construction.

24. Plaintiff John Mahoney avers that while he was lawfully on the aforementioned property, Defendant Caterpillar Inc., unmindful of its duty, negligently permitted the aforementioned Excavator to remain unmaintained, hazardous and dangerous to the detriment of the Plaintiff.

25. Plaintiff John Mahoney avers that the aforesaid explosion of the rental Excavator was a hazardous condition of which the Defendant knew, or in the exercise of due care, should have known.

26. As a direct and proximate result of the negligence of Defendant Caterpillar Inc., Plaintiff was suddenly and without warning, subjected to injuries due to the hazardous condition of the aforementioned Excavator.

27. As a further direct and proximate result of the negligence of Defendant Caterpillar Inc., the Plaintiffs sustained damages including, but not limited to, severe and grievous personal injury warranting the expenditure of medical expenses, a loss of earning capacity and/or lost wages, pain and suffering.

28. The amount in controversy is sufficient to establish the jurisdiction of this Superior Court.

WHEREFORE, Plaintiff John Mahoney demands judgment against Defendant Caterpillar Inc. in an amount sufficient to invoke the jurisdiction of this Honorable Court, plus interest, costs and attorney's fees together with such other relief as this Court deems appropriate.

## COUNT III

29. Plaintiffs hereby reallege and incorporate by reference paragraphs one (1) through twenty-eight (28) above as if set forth herein.

30. Plaintiffs Gregory Mahoney, Tina Mahoney, John Mahoney, and Jason Mahoney aver that the negligence of Defendant Southworth-Milton, Inc. caused them to sustain extensive property damage, physical damage to property and financial hardship.

WHEREFORE, Plaintiffs Gregory Mahoney, Tina Mahoney, John Mahoney, and Jason Mahoney demand judgment against Defendant Southworth-Milton, Inc. in an amount sufficient to invoke the jurisdiction of this Honorable Court, plus interest, costs and attorney's fees together with such other relief as this Court deems appropriate.

## COUNT IV

31. Plaintiffs hereby reallege and incorporate by reference paragraphs one (1) through thirty (30) above as if set forth herein.

32. Plaintiffs Gregory Mahoney, Tina Mahoney, John Mahoney, and Jason Mahoney aver that the negligence of Defendant Caterpillar Inc. caused them to sustain extensive property damage, physical damage to property and financial hardship.

WHEREFORE, Plaintiffs Gregory Mahoney, Tina Mahoney, John Mahoney and Jason Mahoney demand judgment against Defendant Caterpillar Inc. in an amount sufficient to invoke the jurisdiction of this Honorable Court, plus interest, costs and attorney's fees together with such other relief as this Court deems appropriate.

Plaintiffs
By their attorneys,

Jeffrey S. Fleischaker, Esq. - #6444
TAFT & McSALLY LLP
21 Garden City Drive
P.O. Box 20130
Cranston, RI 02920-5703
Tel.: (401) 946-3800
Fax: (401) 943-8859

DATED: ____________________, 2006.

**PLAINTIFFS HEREBY DEMAND A TRIAL BY JURY.**

# State of Rhode Island and Providence Plantations
## SUPERIOR COURT

[x] PROVIDENCE/BRISTOL [ ] KENT [ ] WASHINGTON [ ] NEWPORT

CIVIL ACTION, FILE No. 06-3061

GREGORY MAHONEY, TINA MAHONEY, JOHN MAHONEY and JASON MAHONEY
Plaintiff

SOUTHWORTH-MILTON, INC. and CATERPILLAR INC.
Defendant

## *Summons*

*To the above-named Defendant:* CATERPILLAR INC.

The above-named Plaintiff has brought an action against you in said Superior Court in the county indicated above. You are hereby summoned and required to serve upon Jeffrey S. Fleischaker, Esq. #6444 Plaintiff's attorney, whose address is Taft & McSally LLP, 21 Garden City Drive, Cranston, RI 02920

an answer to the complaint which is herewith served upon you within 20 days after service of this summons upon you,exclusive of the day of service.

If you fail to do so, judgement by default will be taken against you for the relief demanded in the complaint. Your answer must also be filed with the court.

As provided in Rule 13(a) unless the relief demanded in the complaint is for damage arising out of your ownership, maintenance, operation or control of a motor vehicle, or unless otherwise provided in Rule 13(a), your answer must state as a counterclaim any related claim which you may have against the Plaintiff, or you will thereafter be barred from making such claim in any other action.

CLERK

Dated: June 14, 2006

(Seal of the Superior Court)

A TRUE COPY ATTEST
Constable # 6139
Ronald J. Dunn

S- 135 (REV. 10/00)