STATE OF RHODE ISLAND

PROVIDENCE, SC SUPERIOR COURT

GREGORY MAHONEY, TINA MAHONEY, JOHN MAHONEY, AND JASON MAHONEY,
Plaintiffs,

v.

SOUTHWORTH-MILTON, INC., AND CATERPILLAR, INC.
Defendants.

C.A. NO.: 06-3061

**ANSWER AND AFFIRMATIVE DEFENSES OF DEFENDANT SOUTHWORTH-MILTON, INC.**

Defendant, Southworth-Milton, Inc. ("SMI") hereby responds to Plaintiff's Complaint with Jury Demand.

**PARTIES**

1. Without knowledge. (As used herein, the phrase "Without knowledge" shall mean that (1), despite reasonable inquiry, SMI is without sufficient knowledge or information necessary to form a belief as to the truth of the allegation, (2) SMI therefore denies same, (3) SMI leaves Plaintiff to his proof, and (4) to the extent a response is required, this statement is denied.

2. Without knowledge.

3. Without knowledge.

4. Without knowledge.

5. Admitted.

6. Without knowledge.

True Copy Attest
Office of Clerk of Superior Court
Counties of Providence & Bristol
Providence Rhode Island

FILED
... S. KINCH JR., CLERK
JUL -5 P 3:44

## COUNT I

7. SMI hereby re-alleges and incorporates by reference the responses contained in Paragraphs 1 through 6 listed above.

8. Denied.

9. Denied.

10. Denied.

11. Denied.

12. Denied.

13. Without knowledge.

14. Denied.

15. Denied.

16. Denied.

17. Denied.

18. Without knowledge.

## COUNT II

19. SMI hereby re-alleges and incorporates by reference the responses contained in Paragraphs 1 through 18 listed above.

20. No answer is required as these allegations do not pertain to Defendant SMI. Any allegations of wrongdoing against SMI which may be inferred from this paragraph are denied.

21. No answer is required as these allegations do not pertain to Defendant SMI. Any allegations of wrongdoing against SMI which may be inferred from this paragraph are denied.

22. No answer is required as these allegations do not pertain to Defendant SMI. Any allegations of wrongdoing against SMI which may be inferred from this paragraph are denied.

23. No answer is required as these allegations do not pertain to Defendant SMI. Any allegations of wrongdoing against SMI which may be inferred from this paragraph are denied.

24. No answer is required as these allegations do not pertain to Defendant SMI. Any allegations of wrongdoing against SMI which may be inferred from this paragraph are denied.

25. No answer is required as these allegations do not pertain to Defendant SMI. Any allegations of wrongdoing against SMI which may be inferred from this paragraph are denied.

26. No answer is required as these allegations do not pertain to Defendant SMI. Any allegations of wrongdoing against SMI which may be inferred from this paragraph are denied.

27. No answer is required as these allegations do not pertain to Defendant SMI. Any allegations of wrongdoing against SMI which may be inferred from this paragraph are denied.

28. No answer is required as these allegations do not pertain to Defendant SMI. Any allegations of wrongdoing against SMI which may be inferred from this paragraph are denied.

**COUNT III**

29. SMI hereby re-alleges and incorporates by reference the responses contained in Paragraphs 1 through 28 listed above.

30. Denied.

**COUNT IV**

31. SMI hereby re-alleges and incorporates by reference the responses contained in Paragraphs 1 through 30 listed above.

32. No answer is required as these allegations do not pertain to Defendant SMI. Any allegations of wrongdoing against SMI which may be inferred from this paragraph are denied.

True Copy Attest
Office of Clerk of Superior Court
Counties of Providence & Bristol
Providence Rhode Island

**WHEREFORE,** Defendant SMI, demands a judgment of dismissal, the entry of an order of dismissal with prejudice, an award of its costs and attorney fees wrongfully sustained, and for other relief as the Court may deem just and equitable.

**AFFIRMATIVE DEFENSES**

**First Affirmative Defense**

Plaintiffs failed to state a claim upon which relief may be granted.

**Second Affirmative Defense**

Plaintiffs' damages, if any, were caused by a third party for whose conduct SMI is not responsible.

**Third Affirmative Defense**

Plaintiffs' damages, if any, were caused solely by Plaintiffs' negligence. Any recovery should be reduced in proportion to the negligence of Plaintiffs in accordance with Mass. Gen. Law. C. 231, §85.

**Fourth Affirmative Defense**

The defendant says that the injury or damaged complained of was caused in whole or in part by the negligence of the plaintiff, and that the plaintiffs' damages, if any, must be diminished in proportion to the amount of negligence attributable to the plaintiff.

**Fifth Affirmative Defense**

The subject equipment of this claim was changed in substance and form after it left the control of SMI by Plaintiffs or by one for whose conduct SMI is not responsible, and such changes were the actual cause of the Plaintiffs' damages, if any.

**Sixth Affirmative Defense**

If any defect existed in the product which sis the subject matter of this action, which SMI expressly denies, Plaintiffs are barred from recovery because Plaintiffs violated their own duty to act reasonably with respect to a product that Plaintiffs knew to be defective and dangerous, and such conduct was the cause of Plaintiffs' injuries, if any.

**Seventh Affirmative Defense**

Plaintiffs acted in violation of law, statute, regulation, or ordinance, and, therefore, Plaintiffs cannot recover.

**Eighth Affirmative Defense**

The defendant says that the plaintiff is barred from recovery as the plaintiff knowingly and voluntarily encountered the risk which caused the injuries alleged.

**Ninth Affirmative Defense**

Plaintiffs' negligence proximately caused the injuries suffered by Plaintiffs, and the negligence of Plaintiffs exceeded any combined negligence of Defendants. As a result, Plaintiffs are barred from recovering against SMI.

**Tenth Affirmative Defense**

Plaintiffs knowingly assumed the risk of its damages, therefore Plaintiffs cannot recover.

**Eleventh Affirmative Defense**

The product at issue was subject to abnormal and/or unintended use which was unreasonable and not foreseeable by SMI and for which SMI is not liable.

**Twelfth Affirmative Defense**

Plaintiff knowingly assumed responsibility for the care and maintenance of its Excavator.

True Copy Attest
Office of Clerk of Superior Court

**Thirteenth Affirmative Defense**

Plaintiffs' claims are barred by the terms of a contract with SMI.

**Fourteenth Affirmative Defense**

The Complaint is barred in whole or part by the Rhode Island's applicable Statute of Limitations.

**Fifteenth Affirmative Defense**

SMI reserves the right to amend its answer and to assert further affirmative defenses as they may be appropriate following further investigation and discovery.

SOUTHWORTH-MILTON, INC.

Michael T. Farley, Esq., #6196
Morrison Mahoney LLP
121 South Main Street, Suite 600
Providence, RI 02903

Dated: July 5, 2006

True Copy Attest
Office of Clerk of Superior Court
Counties of Providence & Bristol
Providence, Rhode Island

CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing was sent, postage pre-paid, to the following counsel of record on this 5th day of July, 2006.

Jeffrey S. Fleischaker, Esq.
TAFT & McSALLY LLP
21 Garden City Drive
P.O. Box 20130
Cranston, RI 02920-5703
***Counsel for Plaintiff, Gregory Mahoney, Tina Mahoney, John Mahoney, Jason Mahoney***

John A. Grunert, Esq.
CAMPBELL CAMPBELL EDWARDS & CONROY, P.C.
One Constitution Plaza
Boston, MA 02129
***Counsel for Defendant, Caterpillar, Inc.***

[signature]
Michael T. Farley