STATE OF RHODE ISLAND
PROVIDENCE, SC.

SUPERIOR COURT

GREGORY MAHONEY et al.,

Plaintiffs,

vs.

SOUTHWORTH-MILTON, INC. et al.

Defendants

CIVIL ACTION NO. 06-3061

DEFENDANT CATERPILLAR INC.'S ANSWER AND JURY DEMAND

The defendant Caterpillar Inc. hereby answers the plaintiffs' complaint pursuant to Superior Court Rules 8 and 12.

1. Caterpillar does not have enough knowledge or information to form a belief as to the truth of the averments in ¶1 of the complaint.

2. Caterpillar does not have enough knowledge or information to form a belief as to the truth of the averments in ¶2 of the complaint.

3. Caterpillar does not have enough knowledge or information to form a belief as to the truth of the averments in ¶3 of the complaint.

4. Caterpillar does not have enough knowledge or information to form a belief as to the truth of the averments in ¶4 of the complaint.

5. Admitted.

6. Admitted.

7. Caterpillar incorporates by reference its responses to ¶¶1 through 6 of the complaint.

8. Caterpillar does not have enough knowledge or information to form a belief as to the truth of the averments in ¶8 of the complaint.

9. Caterpillar does not have enough knowledge or information to form a belief as to the truth of the averments in ¶9 of the complaint.

10. Caterpillar does not have enough knowledge or information to form a belief as to the truth of the averments in ¶10 of the complaint.

11. Caterpillar does not have enough knowledge or information to form a belief as to the truth of the averments in ¶11 of the complaint.

12. Caterpillar does not have enough knowledge or information to form a belief as to the truth of the averments in ¶12 of the complaint.

13. Caterpillar does not have enough knowledge or information to form a belief as to the truth of the averments in ¶13 of the complaint.

14. Caterpillar does not have enough knowledge or information to form a belief as to the truth of the averments in ¶14 of the complaint.

15. Caterpillar denies it knew or should have known that the excavator's condition was defective or unreasonably dangerous in any respect. Caterpillar does not have enough knowledge or information to form a belief as to whether the excavator's condition was defective or unreasonably dangerous at the time and place of the alleged explosion referenced in ¶15 of the complaint, as the excavator had been within the exclusive control of persons other than Caterpillar for a long period of time before that date; but Caterpillar denies the excavator was defective or unreasonably dangerous when it left Caterpillar's hands. Caterpillar otherwise does not have enough knowledge or information to form a belief as to the truth of the averments in ¶15.

16. Caterpillar does not have enough knowledge or information to form a belief as to the truth of the averments in ¶16 of the complaint.

17. Caterpillar does not have enough knowledge or information to form a belief as to the truth of the averments in ¶17 of the complaint.

18. Caterpillar does not have enough knowledge or information to form a belief as to the truth of the averments in ¶18 of the complaint.

19. Caterpillar incorporates by reference its responses to ¶¶1 through 18 of the complaint.

20. Caterpillar admits it designed, manufactured, and sold to Southworth-Milton, Inc. a model 345BL excavator bearing serial number AGS01481, which it understands to be the excavator referenced in the complaint. Caterpillar otherwise does not have enough knowledge or information to form a belief as to the truth of the averments in ¶20 of the complaint.

21. Denied.

22. Denied.

23. Caterpillar does not have enough knowledge or information to form a belief as to the truth of the averments in ¶23 of the complaint.

24. Denied.

25. Denied.

26. Denied.

27. Denied.

28. Caterpillar does not have enough knowledge or information to form a belief as to the truth of the averments in ¶28 of the complaint.

29. Caterpillar incorporates by reference its responses to ¶¶1 through 28 of the complaint.

30. Caterpillar does not have enough knowledge or information to form a belief as to the truth of the averments in ¶30 of the complaint.

31. Caterpillar incorporates by reference its responses to ¶¶1 through 30 of the complaint.

32. Denied.

FIRST AFFIRMATIVE DEFENSE

The complaint fails to state a claim against Caterpillar on which relief can be granted.

SECOND AFFIRMATIVE DEFENSE

The plaintiffs' claim is barred, in whole or in part, because the plaintiffs' alleged injuries and losses were proximately caused by their own contributory negligence and fault.

THIRD AFFIRMATIVE DEFENSE

The plaintiffs' claim is barred because they assumed the risk of their alleged injuries and losses.

FOURTH AFFIRMATIVE DEFENSE

The plaintiffs' claims are barred by the exclusions and limitations contained in the rental contract for the excavator.

FIFTH AFFIRMATIVE DEFENSE

The plaintiffs' claims for incidental and consequential damages are barred by exclusions of such damages contained in the rental contract for the excavator.

SIXTH AFRFIRMATIVE DEFENSE

The plaintiffs have waived their claims by virtue of the exclusions and limitations contained in the rental contract for the excavator.

SEVENTH AFFIRMATIVE DEFENSE

The plaintiffs have released their claims by virtue of the exclusions and limitations in the rental contract for the excavator.

EIGHTH AFFIRMATIVE DEFENSE

The plaintiffs' claims are barred because their alleged injuries and losses were caused by abuse of the excavator.

NINTH AFFIRMATIVE DEFENSE

The plaintiffs' claims are barred because their alleged injuries and losses were caused by misuse of the excavator.

TENTH AFFIRMATIVE DEFENSE

The plaintiffs' claims are barred because their alleged injuries and losses were caused by the intervening, superseding misconduct of persons for whose conduct Caterpillar bears no responsibility.

ELEVENTH AFFIRMATIVE DEFENSE

The plaintiffs' claims are barred by an accord and satisfaction.

TWELFTH AFFIRMATIVE DEFENSE

The plaintiffs failed to mitigate their alleged damages and losses.

JURY DEMAND

Caterpillar demands trial by jury on all claims.

CATERPILLAR INC.,

By its attorneys,

CAMPBELL CAMPBELL EDWARDS
& CONROY, P.C.

Richard P. Campbell (RI Bar #5685)
Christopher R. Conroy (RI Bar # 7351)
One Constitution Plaza
Boston, MA 02129
(617) 241-3000

CERTIFICATE OF SERVICE

I, Richard P. Campbell, hereby certify that on June 30, 2006, I served the within answer by causing a copy to be mailed, by first class mail, postage prepaid, to Jeffrey S. Fleischaker, Esquire, Taft & McSally, LLP, 21 Garden City Drive, Cranston, Rhode Island 02920.

Richard P. Campbell