UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

GREGORY MAHONEY et al.,
Plaintiffs

vs. CIVIL ACTION NO. 06-309T

SOUTHWORTH-MILTON, INC. et al.
Defendants

**MOTION OF CO-DEFENDANT SOUTHWORTH-MILTON INC.**
**TO ADD COUNTER-CLAIMS, THIRD-PARTY CLAIMS, AND THIRD PARTY DEFENDANT**

Co-Defendant Southworth-Milton Inc. ("SMI") hereby moves for leave to amend its current Answer, dated July 5, 2006, for the purpose of (1) adding the following counter-claims against Plaintiffs, Gregory Mahoney, Tina Mahoney, John Mahoney, and Jason Mahoney ("Plaintiffs"): contractual indemnity, common law indemnity, and contribution, (2) adding J.G. Mahoney Properties, Inc. ("Mahoney") as a Third-Party Defendant, and (3) to add the following third-party claims against Mahoney; contractual indemnity, common law indemnity, and contribution. SMI seeks to add causes of action for indemnity and contribution because Plaintiffs and Mahoney owe it a contractual duty to defend and indemnify SMI as required by the contract, dated May 30, 2003. SMI seeks to recover the consequential damages arising from those failures. SMI's proposed Amended Answer, Counter-Claims, and Third-Party Claims are attached hereto as Exhibit A. In addition, by rendering SMI vicariously liable for claims in this case Plaintiffs and Mahoney are liable to SMI for common law indemnity.

As grounds for this motion, SMI states as follows:

1. John Mahoney, as a representative of Plaintiffs and agent of Mahoney Construction Corp., and SMI were signatories to a lease agreement in effect at the time of the

incident subject of the present lawsuit. (Rental Agreement, dated May 30, 2003; Ex. B.)("Agreement").

2. SMI later determined that Mahoney Construction Corp. was in-fact or acted as J.G. Mahoney Properties, Inc.

3. At the time of the alleged incident subject of this lawsuit, the Agreement provided that:

> ***Lessee agrees the Lessor*** shall not be liable, whether for breach of contract, negligence, strict liability or other tort or breach of duty. Lessee agrees the Lessor shall not be liable for any property damage or for any personal injury, including death, sustained or suffered by any person, firm, entity or corporation in connection with the operation or installation of said equipment, nor for any loss, delay, damage resulting from defects in, accidental breakage of, or inefficiency of said equipment. Lessee agrees to assume all risk and liability for, and agrees to indemnify, save and hold harmless from all claims and liens, all loss or damage to the equipment and all loss, damage, claims, penalties, liability and expenses, including attorney's fees, howsoever arising from or incurred because of the use, operation or storage of said equipment.

(Ex. B at 2, clause 6, emphasis added)

4. The Agreement also calls for Mahoney to name SMI as an additional insured in Mahoney's insurance policy among other insurance coverage:

> Lessee shall provide full insurance coverage: (a) to cover damage occasioned by all risks of direct physical loss or damage to the equipment that may occur during the term and in amount equal to the Total Value: and (b) to protect Lessor with public liability insurance with limits of at least $500,000 per person and $1,000,000 for each occurrence unless larger limits are required by Lessor, which Lessee will satisfy upon being advised of the amount thereof. Further, Lessee shall at all times supply Lessor with certificates of insurance which shall be issued by companies satisfactorily to Lessor, name Lessor as an additional insured as respects this lease and prohibit cancellation or amendment until thirty days prior notice shall first have been given to Lessor."

(Ex. B at 2 clause 8.)

5. Despite requests by SMI for Mahoney to honor the Agreement and obtain insurance coverage for the subject excavator, Mahoney failed to do so. (Urgent Insurance Request, dated May 30, 2003; Ex. C).

6. Upon delivery of the subject excavator on May 30, 2003, to Plaintiffs' property, SMI turned over custody and control of the subject excavator to Plaintiffs and Mahoney.

7. Plaintiffs and Mahoney were in custody and control of the subject excavator at all relevant times up until and subsequent to the date of the incident.

8. Also, Plaintiffs and Mahoney were in custody and control of the property wherein the subject excavator was to be used.

9. Further, Plaintiffs and Mahoney had a duty to maintain that property in a safe condition for those people that may be performing work thereon.

10. At the time of the incident SMI was without custody or control of the subject excavator nor the property wherein it was to be used.

11. Pursuant to F.R.C.P. Rule 15, "leave of court to amend a complaint shall be freely given when justice so requires." In this case, justice requires SMI be allowed to amend its Answer and Affirmative Defensives, dated July 5, 2006, given that discovery is not due to be completed until after July 9, 2007 and all parties filed Joint Proposed Discovery Plan, allowing for amendments to the pleadings and for the service of third-party complaints by October 1, 2006. Additionally, its counter-claims against Plaintiffs and third-party claims against Mahoney are directly related to the facts of this case and will not significantly burden any party to this suit.

WHEREFORE, for the above stated reasons, SMI moves for leave of court to amend its Answer and Affirmative Defenses.

SOUTHWORTH-MILTON, INC.

/s/ Michael T. Farley

Michael T. Farley, Esq., (Bar No.: 6196)
MORRISON MAHONEY LLP
121 South Main Street, Suite 600
Providence, RI 02903

Mark S. Granger, Esq., (MA. BBO#: 206920)
MORRISON MAHONEY LLP
250 Summer Street
Boston, MA 02210
(617) 439-7500

Date: September 29, 2006

**ORDER**

Having carefully considered the foregoing, it is hereby ORDERED as follows:

**GRANTED / DENIED**

By the Court,

______________________________
Judge

**CERTIFICATE OF SERVICE**

I hereby certify that a copy of the foregoing was sent, postage pre-paid, to the following counsel of record on this 29 day of September 2006.

Jeffrey S. Fleischaker, Esq.
TAFT & McSALLY LLP
21 Garden City Drive
P.O. Box 20130
Cranston, RI 02920-5703
***Counsel for Plaintiff, Gregory Mahoney, Tina Mahoney, John Mahoney, Jason Mahoney.***

John A. K. Grunert, Esquire
CAMPBELL CAMPBELL EDWARDS & CONROY, P.C.
One Constitution Plaza
Boston, MA 02129
***Counsel for Defendant, Caterpillar, Inc.***

/s/ Michael T. Farley

Michael T. Farley



1179246v1