UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| GREGORY MAHONEY et al., Plaintiffs | ) | |
| vs. | ) | CIVIL ACTION NO. 06-309T |
| SOUTHWORTH-MILTON, INC. et al. Defendants | ) | |

**AMENDED ANSWER, COUNTER-CLAIMS, THIRD-PARTY CLAIMS, AND ADDITION OF THIRD-PARTY DEFENDANT OF CO-DEFENDANT SOUTHWORTH-MILTON INC.**

Co-Defendant Southworth-Milton Inc., ("SMI"), hereby amends its Answer and Affirmative Defenses of July 5, 2006, and responds to the Complaint of Gregory Mahoney, Tina Mahoney, John Mahoney, and Jason Mahoney in accordance with its numbered paragraphs as follows:

## I. ANSWER TO COMPLAINT

### PARTIES

1. Without knowledge. (As used herein, the phrase "Without knowledge" shall mean that

(1), despite reasonable inquiry, SMI is without sufficient knowledge or information necessary to form a belief as to the truth of the allegation, (2) SMI therefore denies same, (3) SMI leaves Plaintiff to his proof, and (4) to the extent a response is required, this statement is denied.)

2. Without knowledge.

3. Without knowledge.

4. Without knowledge.

5. Admitted.

6. Without knowledge

**COUNT I**
**(Negligence by John Mahoney as against SMI)**

7. SMI hereby re-alleges and incorporates by reference the responses contained in Paragraphs 1 through 6 listed above.

8. Denied.

9. Denied.

10. Denied.

11. Denied.

12. Denied.

13. Without knowledge.

14. Denied.

15. Denied.

16. Denied.

17. Denied.

18. Without knowledge.

**COUNT II**
**(Negligence by John Mahoney as against Caterpillar)**

19. SMI hereby re-alleges and incorporates by reference the responses contained in Paragraphs 1 through 18 listed above.

20. No answer is required as these allegations do not pertain to Defendant SMI. Any allegations of wrongdoing against SMI which may be inferred from this paragraph are denied.

21. No answer is required as these allegations do not pertain to Defendant SMI. Any

allegations of wrongdoing against SMI which may be inferred from this paragraph are denied.

22. No answer is required as these allegations do not pertain to Defendant SMI. Any allegations of wrongdoing against SMI which may be inferred from this paragraph are denied.

23. No answer is required as these allegations do not pertain to Defendant SMI. Any allegations of wrongdoing against SMI which may be inferred from this paragraph are denied.

24. No answer is required as these allegations do not pertain to Defendant SMI. Any allegations of wrongdoing against SMI which may be inferred from this paragraph are denied.

25. No answer is required as these allegations do not pertain to Defendant SMI. Any allegations of wrongdoing against SMI which may be inferred from this paragraph are denied.

26. No answer is required as these allegations do not pertain to Defendant SMI. Any allegations of wrongdoing against SMI which may be inferred from this paragraph are denied.

27. No answer is required as these allegations do not pertain to Defendant SMI. Any allegations of wrongdoing against SMI which may be inferred from this paragraph are denied.

28. No answer is required as these allegations do not pertain to Defendant SMI. Any allegations of wrongdoing against SMI which may be inferred from this paragraph are denied.

**COUNT III**
**(Negligence by Plaintiffs as against SMI)**

29. SMI hereby re-alleges and incorporates by reference the responses contained in Paragraphs 1 through 28 listed above.

30. Denied.

**COUNT IV**
**(Negligence by Plaintiffs as against Caterpillar)**

31. SMI hereby re-alleges and incorporates by reference the responses contained in Paragraphs 1 through 30 listed above.

32. No answer is required as these allegations do not pertain to Defendant SMI. Any allegations of wrongdoing against SMI which may be inferred from this paragraph are denied.

**WHEREFORE**, Defendant SMI, demands a judgment of dismissal, the entry of an order of dismissal with prejudice, an award of its costs and attorney fees wrongfully sustained, and for other relief as the Court may deem just and equitable.

## AFFIRMATIVE DEFENSES

### First Affirmative Defense

Plaintiffs failed to state a claim upon which relief may be granted.

### Second Affirmative Defense

Plaintiffs' damages, if any, were caused by a third party for whose conduct SMI is not responsible.

### Third Affirmative Defense

Plaintiffs' damages, if any, were caused solely by Plaintiffs' negligence. Any recovery should be reduced in proportion to the negligence of Plaintiffs in accordance with Mass. Gen. Law. c. 231, §85. The defendant says that the injury or damaged complained of was caused in whole or in part by the negligence of the plaintiff, and that the plaintiff's damages, if any, must be diminished in proportion to the amount of negligence attributable to the plaintiff.

### Fourth Affirmative Defense

The subject equipment of this claim was changed in substance and form after it left the control of SMI by Plaintiffs or by one for whose conduct SMI is not responsible, and such changes were the actual cause of the Plaintiffs' damages, if any.

### Fifth Affirmative Defense

If any defect existed in the product which is the subject matter of this action, which SMI expressly denies, Plaintiffs are barred from recovery because Plaintiffs violated their own duty to act reasonably with respect to a product that Plaintiffs knew to be defective and dangerous, and such conduct was the cause of Plaintiffs' injuries, if any.

**Sixth Affirmative Defense**

Plaintiffs acted in violation of law, statute, regulation, or ordinance, and, therefore, Plaintiffs cannot recover.

**Seventh Affirmative Defense**

The defendant says that the plaintiff is barred from recovery as the plaintiff knowingly and voluntarily encountered the risk which caused the injuries alleged.

**Eighth Affirmative Defense**

Plaintiffs' negligence proximately caused the injuries suffered by Plaintiffs, and the negligence of Plaintiffs exceeded any combined negligence of Defendants. As a result, Plaintiffs are barred from recovering against SMI.

**Ninth Affirmative Defense**

Plaintiffs knowingly assumed the risk of its damages, therefore Plaintiffs cannot recover.

**Tenth Affirmative Defense**

The product at issue was subject to abnormal and/or unintended use which was unreasonable and not foreseeable by SMI and for which SMI is not liable.

**Eleventh Affirmative Defense**

Plaintiff knowingly assumed responsibility for the care and maintenance of its Excavator.

**Twelfth Affirmative Defense**

Plaintiffs' claims are barred by the terms of a contract with SMI..

**Thirteenth Affirmative Defense**

The Complaint is barred in whole or part by the Rhode Island's applicable Statute of Limitations .

**Fourteenth Affirmative Defense**

SMI reserves the right to amend its answer and to assert further affirmative defenses as they may be appropriate following further investigation and discovery.

## II. COUNTER-CLAIMS AGAINST GREGORY MAHONEY, TINA MAHONEY, JOHN MAHONEY, AND JASON MAHONEY

Defendant SMI hereby asserts the following counter-claims against Plaintiffs Gregory Mahoney, Tina Mahoney, John Mahoney, and Jason Mahoney ("Plaintiffs").

**COUNT I**
**(Contractual Indemnification as against Plaintiffs)**

1. Co-Defendant Southworth-Milton, Inc. is a New Hampshire corporation authorized to do business in the State of Rhode Island.

2. Plaintiff Tina Mahoney is, and at all times relevant was, a resident of the Town of Scituate, State of Rhode Island.

3. Plaintiff John Mahoney is, and at all times relevant was, a resident of the Town of Scituate, State of Rhode Island.

4. Plaintiff Jason Mahoney is, and at all times relevant was, a resident of the Town of Scituate, State of Rhode Island.

5. Plaintiff Gregory Mahoney is, and at all times relevant was, a resident of the Town of Scituate, State of Rhode Island. (Plaintiffs Gregory Mahoney, Tina Mahoney, John Mahoney, and Jason Mahoney hereinafter referred to as "Plaintiffs.")

6. Co-Defendant Caterpillar, Inc., is a Delaware corporation authorized to do



624494v1

business in the State of Rhode Island.

7. SMI is, and was at all relevant times, the owner of the subject excavator which is the subject of the Complaint.

8. On May 30, 2003, pursuant to the Rental Agreement, SMI turned over custody and control of the subject excavator to Plaintiffs.

9. At all relevant times Plaintiffs were the owners, operator, and in control of the property whereon the subject excavator was to be used.

10. Plaintiffs had a duty to maintain that property in a safe condition for those people that may enter the property and those that may perform work thereon. Plaintiffs also had a duty to properly and safely perform work, including the operation of the subject excavator and to properly supervise that work

11. As a proximate cause of breach of these duties Plaintiffs allegedly suffered personal, consequential, and property damage.

12. On or about June 14, 2006, Plaintiffs, filed suit again Defendants, claiming that (1) on or about June 13, 2003, Plaintiff, John Mahoney suffered personal injury while using the subject excavator on his property, which he rented from SMI via a rental agreement dated May 30, 2003, ("Agreement"); (2) that Defendants breached certain duties owed to Plaintiffs; (3) that those breaches proximately caused Mr. Mahoney to suffer injury; and (4) that those breaches also caused Plaintiffs, to suffer property damage. (See Complaint and Demand for Jury Trial, undated, but served on SMI on June 14, 2006.) (These claims hereinafter shall be referred to as "Plaintiff's Claims.")

13. The Rental Agreement executed by SMI and John Mahoney, the latter as representative of Plaintiffs Gregory Mahoney, Tina Mahoney, and Jason Mahoney, dated May

30, 2003, and in effect on the date of the alleged incident, states: "Lessee agrees the Lessor shall not be liable, whether for breach of contract, negligence, strict liability or other tort or breach of duty. Lessee agrees the Lessor shall not be liable for any property damage or for any personal injury, including death, sustained or suffered by any person, firm, entity or corporation in connection with the operation or installation of said equipment, nor for any loss, delay, damage resulting from defects in, accidental breakage of, or inefficiency of said equipment. Lessee agrees to assume all risk and liability for, and agrees to indemnify, save and hold harmless from all claims and liens, all loss or damage to the equipment and all loss, damage, claims, penalties, liability and expenses, including attorney's fees, howsoever arising from or incurred because of the use, operation or storage of said equipment." (Schedule A, p.2, clause 6.)

14. Furthermore, the contract between SMI and Plaintiffs provides that, "Lessee shall provide full insurance coverage: (a) to cover damage occasioned by all risks of direct physical loss or damage to the equipment that may occur during the term and in amount equal to the Total Value: and (b) to protect Lessor with public liability insurance with limits of at least $500,000 per person and $1,000,000 for each occurrence unless larger limits are required by Lessor, which Lessee will satisfy upon being advised of the amount thereof. Further, Lessee shall at all times supply Lessor with certificates of insurance which shall be issued by companies satisfactorily to Lessor, name Lessor as an additional insured as respects this lease and prohibit cancellation or amendment until thirty days prior notice shall first have been given to Lessor." (Schedule A, 2 clause 8.)

15. If SMI is found liable to Plaintiffs, which SMI expressly denies, Plaintiffs, are contractually required to indemnify SMI for any such liability.

WHEREFORE, SMI demands judgment against Plaintiffs for any and all sums that may be adjudged against SMI, including (1) all costs and fees incurred in defending Plaintiffs' claims and in prosecuting this counter-claim and (2) such other relief as the Court deems just and proper.

**COUNT II**
**(Common Law Indemnification as against Plaintiffs)**

16. SMI repeats and re-alleges Paragraphs 1 – 15 above as if fully set forth herein.

17. Should it be found liable to Plaintiffs, which SMI expressly denies, SMI is entitled to common law indemnification from Plaintiffs as a result of the negligence of Plaintiffs which rendered SMI vicariously liable for Plaintiffs' negligence.

WHEREFORE, SMI demands judgment against Plaintiffs for any and all sums that may be adjudged against SMI, including (1) all costs and fees incurred in defending Plaintiffs' claims and in prosecuting this counter-claim and (2) such other relief as the Court deems just and proper.

**COUNT III**
**(Contribution as against Plaintiffs)**

19. SMI repeats and re-alleges Paragraphs 1-18 above as if fully set forth herein.

20. Should it be found liable to Plaintiffs, which SMI expressly denies, SMI is entitled to contribution from Plaintiffs as a result of Plaintiffs' joint and several negligence.

WHEREFORE, SMI respectfully requests this Court to enter judgment against Plaintiffs, for their pro-rata share of the entire liability of SMI to Plaintiffs, including (1) all costs and fees incurred in defending against Plaintiffs' claims and in prosecuting this counter-claim, and (2) such other relief as the Court deems just and proper.

## III. THIRD PARTY-CLAIMS AGAINST J.G. MAHONEY PROPERTIES, INC.

**COUNT I**
**(Contractual Indemnification as against J.G. Mahoney Properties, Inc.)**

1. Co-Defendant Southworth-Milton, Inc. is a New Hampshire corporation authorized to do business in the State of Rhode Island.

2. Third-party Defendant, J.G. Mahoney Properties, Inc. ("Mahoney") is a Rhode Island corporation with a principal place of business located at 1 Tanglewood Lane, North Providence, RI.

3. At all times relevant to this claim Mahoney was in possession, and control of the property whereon the subject excavator was to used.

4. Mahoney had a duty to maintain that property in a safe condition for those people that may enter the property and perform work thereon. Mahoney also had a duty to properly and safely perform work, including the operation of the subject excavator and to properly supervise that work

5. As a proximate cause of Mahoney's breach of its duty, Plaintiffs were caused to suffer personal, consequential, and property damage.

6. On or about June 14, 2006, Plaintiffs, filed suit again Defendants, claiming that (1) on or about June 13, 2003, Plaintiff, John Mahoney suffered personal injury while using the subject excavator on his property, which he rented from SMI via a rental agreement dated May 30, 2003, ("Agreement"); (2) that Defendants breached certain duties owed to Plaintiffs; (3) that those breaches proximately caused Mr. Mahoney to suffer injury; and (4) that those breaches also caused Plaintiffs, to suffer property damage. (See Complaint and Demand for Jury Trial,

undated, but served on SMI on June 14, 2006.) (These claims hereinafter shall be referred to as "Plaintiff's Claims.")

7. In the Rental Agreement ("Agreement") executed by SMI and John Mahoney, as signor of the Mahoney Construction Corp. (alleged to be J.G. Mahoney Properties Inc. ("Mahoney"), dated May 30, 2003, and in effect on the date of the alleged incident, stated: "Lessee agrees the Lessor shall not be liable, whether for breach of contract, negligence, strict liability or other tort or breach of duty. Lessee agrees the Lessor shall not be liable for any property damage or for any personal injury, including death, sustained or suffered by any person, firm, entity or corporation in connection with the operation or installation of said equipment, nor for any loss, delay, damage resulting from defects in, accidental breakage of, or inefficiency of said equipment. Lessee agrees to assume all risk and liability for, and agrees to indemnify, save and hold harmless from all claims and liens, all loss or damage to the equipment and all loss, damage, claims, penalties, liability and expenses, including attorney's fees, howsoever arising from or incurred because of the use, operation or storage of said equipment." (Schedule A, p.2, clause 6.)

8. Furthermore, the contract between SMI and Mahoney provides that, "Lessee shall provide full insurance coverage: (a) to cover damage occasioned by all risks of direct physical loss or damage to the equipment that may occur during the term and in amount equal to the Total Value: and (b) to protect Lessor with public liability insurance with limits of at least $500,000 per person and $1,000,000 for each occurrence unless larger limits are required by Lessor, which Lessee will satisfy upon being advised of the amount thereof. Further, Lessee shall at all times supply Lessor with certificates of insurance which shall be issued by companies satisfactorily to Lessor, name Lessor as an additional insured as respects this lease

and prohibit cancellation or amendment until thirty days prior notice shall first have been given to Lessor." (Schedule A, 2 clause 8.)

9. If SMI is found liable to Plaintiffs, which SMI expressly denies, Mahoney, is contractually required to indemnify SMI for any such liability.

WHEREFORE, SMI demands judgment against Mahoney for any and all sums that may be adjudged against SMI, including (1) all costs and fees incurred in defending Plaintiffs' claims and in prosecuting this third-party claim and (2) such other relief as the Court deems just and proper.

**COUNT II**
**(Common Law Indemnification as against J.G. Mahoney Properties, Inc.)**

10. SMI repeats and re-alleges Paragraphs 1 – 9 above as if fully set forth herein.

11. Should it be found liable to Plaintiffs, which SMI expressly denies, SMI is entitled to common law indemnification from Mahoney as a result of the negligence of Mahoney which rendered SMI vicariously liable for Mahoney's negligence.

WHEREFORE, SMI demands judgment against Plaintiffs for any and all sums that may be adjudged against SMI, including (1) all costs and fees incurred in defending Plaintiffs' claims and in prosecuting this counter-claim and (2) such other relief as the Court deems just and proper.

**COUNT III**
**(Contribution as Against J.G. Mahoney Properties, Inc.)**

12. SMI repeats and re-alleges Paragraphs 1 – 11 above as if fully set forth herein.

13. Should it be found liable to Plaintiffs, which SMI expressly denies, SMI is entitled to contribution from Mahoney as a result of Mahoney's joint and several negligence.

WHEREFORE, SMI respectfully requests this Court to enter judgment against Mahoney, for its pro-rata share of the entire liability of SMI to Plaintiffs, including (1) all costs and fees incurred in defending against Plaintiffs' claims and in prosecuting this third-party claim, and (2) such other relief as the Court deems just and proper.

**CLAIM FOR JURY**

**JURY CLAIM**

THE DEFENDANT, SMI, CLAIMS A TRIAL BY JURY ON ALL ISSUES TRIABLE TO A JURY AND DESIGNATES MICHAEL T. FARLEY ITS THE TRIAL ATTORNEY.

SOUTHWORTH-MILTON, INC.

/s/ Michael T. Farley
Michael T. Farley, Esq., (Bar No.: 6196)
MORRISON MAHONEY LLP
121 South Main Street, Suite 600
Providence, RI 02903

Mark S. Granger, Esq., (MA. BBO#: 206920)
MORRISON MAHONEY LLP
250 Summer Street
Boston, MA 02210
(617) 439-7500

Date: November 1, 2006



624494v1

**CERTIFICATE OF SERVICE**

I hereby certify that a copy of the foregoing was sent, postage pre-paid, to the following counsel of record on this 1st day of November 2006.

Jeffrey S. Fleischaker, Esq.
TAFT & McSALLY LLP
21 Garden City Drive
P.O. Box 20130
Cranston, RI 02920-5703
***Counsel for Plaintiff, Gregory Mahoney, Tina Mahoney, John Mahoney, Jason Mahoney.***

John A. K. Grunert, Esquire
CAMPBELL CAMPBELL EDWARDS & CONROY, P.C.
One Constitution Plaza
Boston, MA 02129
***Counsel for Defendant, Caterpillar, Inc.***

/s/ Michael T. Farley
Michael T. Farley



624494v1